# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**HOWARD MAYFIELD**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:04-cr-16**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with testing positive for marijuana while at the Residential Reentry Center (RRC) on November 16, 2013, and for consuming alcohol on December 31, 2013. (He had been placed at the RRC on July 24, 2013 for a period of six months as a result of a new criminal conviction, the failure to report police contact, and marijuana use.) The defendant testified that he did not knowingly ingest the marijuana but that he must have consumed it when he was on pass at his girlfriend's house and (continued on attachment)

## Part II – Written Statement of Reasons for Detention

The defendant has failed to carry his burden by clear and convincing evidence. Further, the court finds the defendant's explanations for having marijuana and alcohol in his system are simply implausible. This is unfortunate since the defendant seems to be doing well otherwise. The court would be inclined to return him to the halfway house pending the revocation hearing if it were available, but since it is not, the court has no option but to remand him to the marshal's custody.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: **January 14, 2014**

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B) -** (continued)

ate a cookie with with marijuana, supplied by his girlfriend's cousin.  His girlfriend testified that she has big gatherings on Sundays, and that her cousin came over and brought some cookies.  After the defendant had a dirty test for marijuana, the cousin remembered to tell the girlfriend that she got the cookies from some nursing staff she worked with and they had marijuana in them.  This story is not convincing for several reasons.  First, despite the fact that the girlfriend and the cousin talk "every day," the cousin has since moved to Atlanta and nobody knows her address or telephone number.  She moved to Atlanta because she met a fellow online, but apparently has never called her cousin back in Grand Rapids to share the excitement of her new relationship since she has moved to Atlanta, so the girlfriend is not able to contact her.  Further, despite the fact that the cousin was a care provider, she allowed a child to eat one of the cookies, knowing it was laced with marijuana.  Further, the girlfriend testified this big gathering occurred on a Sunday, but the defendant tested positive for marijuana on a Saturday, and it is doubtful that the amount of marijuana baked into one cookie would have remained in his system for the whole week from the preceding Sunday.  Unfortunately, defendant has a long history of marijuana use going back to the PSR, where it was reported that he was smoking 2 to 5 blunts a day.  Defendant has had good employment in aerospace technology since before October 2012.

Defendant also says that he must have tested positive for alcohol because of his mouthwash.  However, the mouthwash was never introduced in court.  Moreover, residents of the RRC are not allowed to have mouthwash containing alcohol at that facility.  The court is informed that the halfway house is not presently available.